## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **CHRISTOPHER D. CRAIGHEAD** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.  17-445** |
| | ) | |
| **AUSTAL USA, LLC, AMERI-FORCE** | ) | **JURY TRIAL DEMANDED** |
| **CRAFT SERVICES, INC., and Fictitious** | ) | |
| **Defendants A, B, C, D, E and F, whether** | ) | |
| **singular or plural or those other persons,** | ) | |
| **firms, corporations or other entities whose** | ) | |
| **wrongful conduct caused or contributed to** | ) | |
| **cause the damage to the Plaintiff, all those** | ) | |
| **whose true and correct names are unknown** | ) | |
| **to Plaintiff at this time, but will be substituted** | ) | |
| **by Amendment when ascertained,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff, **Christopher D. Craighead** ("Craighead" or "Plaintiff"), by and through undersigned counsel and files this Complaint Against **Austal USA, LLC** ("Austal" or "Defendants"), **Ameri-Force Craft Services, Inc.** ("AFC" or "Defendants")and **Fictitious Defendants A, B, C, D, E, and F**,  as follows:

### JURISDICTION AND VENUE

1.      Plaintiff brings this complaint for legal and equitable relief to redress violations by the Defendants of the Plaintiff's rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. and the laws of the State of Alabama.

2.      The Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. §§ 1331, 1367 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

## PARTIES

3.      Craighead is a male citizen of the United States and at all material times resided in Baldwin County, Alabama, which is in this judicial district.

4.      Defendant Austal is domestic limited liability company operating in Mobile County, Alabama, with its registered agent located at 641 South Lawrence Street, Montgomery, Alabama 36104.  Defendant employs at least fifteen (15) persons within the meaning of Title VII, 42 U.S.C. §2000e(b) at al relevant times herein.

5.      Defendant AFC is a foreign corporation with its registered agent located at 2 N. Jackson Street, Suite 605, Montgomery, Alabama 36104 and at all material times was operating in Mobile County, Alabama.  AFC is an employee staffing company which provides professional staffing services to business across the United States and provides temporary labor services to Austal.  Defendant employs at least fifteen (15) persons within the meaning of Title VII, 42 U.S.C. §2000e(b) at al relevant times herein.

6.      Fictitious Defendants A, B, C, D, E, and F are, whether singular or plural, are those persons, firms, corporations or other entities whose wrongful conduct caused or contributed to cause the damage to the Plaintiff, those whose true and correct names are unknown to Plaintiff at this time, but will be substituted by Amendment when ascertained.

## NATURE OF ACTION

7.      Plaintiff brings this action against Defendants for unlawful employment practices and acts of intentional gender discrimination, sexual harassment, retaliation and State law tort that occurred under his employment with Defendants.

8.      Plaintiff seeks compensatory and punitive damages to which his entitle and attorneys' fees and costs.

## ADMINISTRATIVE PROCEDURES

9.      On April 19, 2016, within 180 days of learning of the acts of discrimination of which Plaintiff complains, Christopher D. Craighead filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which is attached herein as Exhibit A.  After their investigation, the EEOC issued a Right to Sue letter on July 5 2017, which is attached herein as Exhibit B.

10.      All prerequisites for bringing this action have been met.

## STATEMENT OF FACTS

11.      Plaintiff began working for Austal through a placement by AFC on or about June 11, 2015, as an A Class Electrician/Fiber Technician to work under Austal supervisor Dan Carnley ("Carnley") from 5:30 a.m. to 2:00 p.m.

12.      Due to Austal having too many A Class Electricians, Plaintiff was demoted to a B Class Electrician/Fiber Technician in our around August 2015, and continued to work under the supervision of Carnley.

13.      In or about December 2015, Austal made changes to the work schedule and Plaintiff volunteered to work the night shift schedule from 3:00 p.m. to 11:30 p.m. as his fiancé at the time also worked the night shift at another job.

14.      On January 5, 2016, Plaintiff began working for Austal supervisor Thomas Davis ("Davis").

15.      Approximately one and a half months later in February 2016, Plaintiff was transferred to Brian Fore's ("Fore") crew to work under Fore's supervision because an Austal employee requested a transfer from Fore's crew to Davis' crew due to not being able to get along with Fore and having previously worked for Davis.

16.     Plaintiff did not have a problem with this transfer as it still allowed him to work the night shift and keep the same work schedule as his fiancé.

17.     The sexual harassment and hostility towards the Plaintiff by Fore started immediately upon Plaintiff's transfer to Fore's crew.

18.     When Plaintiff was transferred, he provided Fore with his phone number in order for Fore to contact him in case of an emergency or schedule change.

19.     Fore began sending Plaintiff hostile and sexually explicit text messages and pictures both while at work and when Plaintiff was not at work.  These images included male genitalia, created "meme" images referencing oral sex and the size of Plaintiff's genitalia.  These communications included other employees who also worked with Plaintiff and under the supervision of Fore and who also participated in the harassing behavior towards Plaintiff.  The sexually harassing behavior towards Plaintiff was also carried into the everyday work environment as Fore made sexual explicit comments towards Plaintiff regarding oral sex, the Plaintiff's sexual orientation and male genitalia.

20.     Plaintiff repeatedly asked Fore to stop the harassing behavior in the workplace and to only contact him via phone if it was an emergency or there was a change in the work schedule.

21.     Due to the continued harassment, during the week of March 21, 2016, Plaintiff spoke with Austal supervisor Richard Tally to request a transfer in order to stop working under Fore's supervision.  In order to save himself embarrassment and for fear of losing his job, Plaintiff told Tally that he and Mr. Fore did not get along.  Plaintiff was instructed by Tally to speak with Fore directly to try to work it out, which Plaintiff did, and in turn caused the harassment and hostility towards the Plaintiff by Fore to worsen.

22.     On March 29, 2016, due to the continued and worsening sexual harassment and

hostility by Fore, Plaintiff informed Tally of the harassment he was experiencing.

23.     Tally instructed Plaintiff to go to the AFC office and report the harassment and that Tally would handle the matter at Austal.

24.     Plaintiff met with the AFC branch manger, Ty Collard (Collard) in the early afternoon of March 29, 2016, and was informed by Collard that AFC would address the harassment with Austal.

25.     Plaintiff asked Collard if he would call Austal to see if Plaintiff could be transferred to work under a different supervisor pending the outcome of the harassment investigation so Plaintiff could continue working.

26.     Later in the afternoon on March 29, 2016, Austal contacted Collard at AFC and was told that Austal had terminated Plaintiff's service.

27.     Austal did not provide AFC a reason why Austal chose to terminate Plaintiff at that time.

28.     Austal's investigations of Plaintiffs complaints amounted to asking Fore and Tally if the Plaintiff's accusations were true and after providing their respective responses that the Plaintiff's allegations were not true, the investigation was closed.

29.     AFC did not request Austal take any further action on the investigation.

30.     Plaintiff was unable to find a position for over six months after being terminated from Austal which caused him great financial hardship in which he ended up having to move back in with family members.  Further, due to the stress and embarrassment of the situation at Austal, Plaintiff's relationship with his fiancé suffered substantially and they are no longer together.

**COUNT ONE AND TWO**
**Quid Pro Quo and Hostile Work Environment**

31.     Plaintiff incorporates herein each and every statement contained in this Complaint as if set forth herein.

32.     These are two separate claims against Defendants by and through the actions of Austal Supervisors Brian Fore ("Fore") and Richard Tally ("Tally"), arising under Title VII of the Civil Rights Act of 1964, as amended, prohibiting sexual harassment in the workplace.

33.     The conduct of the Defendants alleged herein violates Title VII because Plaintiff was required to work in a sexually hostile environment, which included Plaintiff being subjected to repeated sexual harassment and intimidation over a period of time by Fore.

34.     The conduct of the Defendants alleged herein violates Title VII, where Plaintiff was being subjected to repeated sexual harassment over a period of time by Fore, Plaintiff's supervisor. Defendants are liable for such misconducted and failed to take effective remedial measures to prevent such unlawful behavior by Fore.

35.     Plaintiff did not welcome the sexual misconduct and hostile work environment created by his supervisor, Fore.

36.     Defendants subjected Plaintiff to repeated sexual harassment and intimidation by Fore causing the Plaintiff's work environment to be permeated with discriminatory conduct, ridicule, and insult that altered his work conditions, pay and benefits.

37.     Fore's sexual comments and text messages were in appropriate and unwelcome. The comments and texts continued on a daily basis and were vulgar and demeaning.

38.     Such unlawful employment practices proximately caused Plaintiff to suffer severe emotional distress, mental anguish, embarrassment, humiliation, shame and trauma for which he claims damages.

39.     Plaintiff seeks declaratory and injunctive relief, award of compensatory and punitive

damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of facts may assess.

## COUNT THREE
### Retaliation

40.     Plaintiff incorporates herein each and every statement contain in this Complaint as if set forth herein.

41.     There existed an employer-employee relationship between Plaintiff and Defendants.

42.     Plaintiff exercised his statutory right under Title VII by complaining to Defendants about the sexual harassment and hostile work environment created by Fore, and thereafter was subjected to intentional retaliation by Defendants. Plaintiff was terminated as a result of his complaints.

43.     The Defendants' conduct proximately caused the Plaintiff to suffer loss of wages and benefits, physical injury, embarrassment, humiliation, loss of reputation, emotional distress, trauma, and mental anguish for which he claims damages as set out below.

44.     Plaintiff seeks declaratory and injunctive relief, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

## COUNT FOUR
### Negligent and Wanton Hiring, Training, Supervision and Retention

45.      Plaintiff incorporates herein each and every statement contained in this Complaint as if set forth herein.

46.     This is a claim arising under the laws of the State of Alabama to redress the negligent and wanton hiring, training, supervision and retention of employees by Defendant Austal.

47.     Austal had a duty to provide Plaintiff with a reasonably safe work environment and

to follow its own policies and procedures prohibiting sexual harassment in the workplace.  Further, Austal had a duty to follow the law and had notice of Fore's illegal conduct in the workplace.

48.     After Plaintiff complained, Fore continued to subject Plaintiff to repeated harassment and retaliation.

49.     Austal failed to establish an adequate policy against sexual harassment, failed to implement such policy consistently, failed to regularly and clearly communicate such policy to its agents and employees, and failed to train and enforce its own policies to the detriment of the Plaintiff and other employees.

50.     Austal failed to educate and train Fore and other managers, supervisors, and employees on sexual harassment.

51.     As a proximate result of the Defendant's conduct, Plaintiff was caused to suffer loss of wages and benefits, physical injury, embarrassment, humiliation, loss of reputation, emotional distress, trauma, and mental anguish for which she claims damages as set out below.

52.     Plaintiff seeks declaratory and injunctive relief, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

**COUNT FIVE**
**Invasion of Privacy**

53.     Plaintiff incorporates herein each and every statement contained in this Complaint as if set forth herein.

54.     This is a claim against Defendants for the invasion of Plaintiff's right to privacy based on the laws of the State of Alabama.

55.     Defendants invaded Plaintiff's personal and emotional sanctum by continually texting

sexual explicit texts and images to Plaintiff both on work time and personal time after repeatedly being told to stop.

56.     Defendants continued this action against Plaintiff's will and without his express authority and permission.

57.     The Defendants' conduct proximately caused Plaintiff to suffer embarrassment, humiliation, loss of reputation, emotional distress, trauma, and mental anguish for which he claims damages as set out below.

58.     Plaintiff seeks declaratory and injunctive relief, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

## COUNT SIX
## Assault and Battery

59.     Plaintiff incorporates herein each and every statement contained in this Complaint as if set forth herein.

60.     This is a claim against Defendants, arising under the laws of the State of Alabama for assault and battery.

61.     Defendants did commit assault and battery of Plaintiff by continually allowing Fore and other employees of Defendants to send sexually explicit text messages and images to Plaintiff. These unwelcome actions made Plaintiff feel uncomfortable as well as personally violated.

62.     This conduct was committed while Fore was acting within the line and scope of his authority as Plaintiff's supervisor and while acting as an agent and employee of Austal.

63.     Defendants had notice of his assault, battery and sexual harassment of Plaintiff, but failed to take proper disciplinary and corrective action and instead terminated the Plaintiff.

64.     The Defendants' conduct proximately caused Plaintiff to suffer loss of wages and benefits, physical injury, embarrassment, humiliation, loss of reputation, emotional distress, trauma, and mental anguish for which he claims damages as set out below.

65.     Plaintiff seeks declaratory and injunctive relief, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

## COUNT SEVEN
### Intentional Infliction of Emotional Distress

66.     Plaintiff incorporates herein each and every statement contained in this Complaint as if set forth herein.

67.     This is a claim against Defendants, arising under the laws of the State of Alabama prohibiting the intentional infliction of emotional distress.

68.     The conduct of Defendants as aforesaid, was extreme, outrageous and beyond the bounds of decency.

69.     Such conduct is not condoned by society and should not go unpunished.

70.     The conduct of Defendants as aforesaid, created a hostile work environment that was unwelcome by Plaintiff.

71.     The repeated sexual explicit text messages and images by Fore and the subsequent ratification by Defendants altered Plaintiff's work environment and pay.

72.     The Defendants' conduct proximately caused Plaintiff to suffer loss of wages and benefits, physical injury, embarrassment, humiliation, loss of reputation, emotional distress, trauma, and mental anguish for which he claims damages as set out below.

73.     Plaintiff seeks declaratory and injunctive relief, award of compensatory and punitive

damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests the Honorable Court:

(a)     Permanently enjoin Defendants from engaging further in their discriminatory and harassing treatment of similarly situated employees regardless of gender;

(b)     Order Defendants, their agents, owners and employees to institute and carry out policies, practices, and programs which provide equal employment opportunities to all genders and which eradicates the effects of its past and present unlawful employment practices, including implementing a consistent policy against sexual harassment and retaliation in the work place;

(c)     Order Defendants, their agents, owners and employees to make the Plaintiff whole by providing appropriate front pay, back pay and other monetary relief as may be available to him, including damages for his physical, mental and emotional distress, embarrassment, humiliation and trauma;

(d)     Award the Plaintiff compensatory and punitive damages under the laws of the State of Alabama and the Constitution of the United States;

(e)     Award Plaintiff his costs and expenses herein, including reasonable attorney's fees, where applicable; and,

(f)     Award such other and further relief which this Court deems appropriate under the circumstances.

## JURY DEMAND

The Plaintiff requests trial by jury.

Respectfully submitted,


*/s/ Adam M. Milam*
ADAM M. MILAM (MILAA2597)
*Counsel for Plaintiff, Christopher D. Craighead*

OF COUNSEL:
MILAM & MILAM, LLC
2206 Main Street
Daphne, AL 36526
Tel: (251) 928-0191
Fax: (844) 273-4029
amilam@milam-law.com


**PLEASE SERVE THE FOLLOWING DEFENDANTS VIA CERTIFIED MAIL**

Austal USA, LLC
c/o Corporation Service Company, Inc., Registered Agent
641 South Lawrence Street
Montgomery, AL 36104

Ameri-Force Craft Services, Inc.
c/o Cogency Global, Inc., Registered Agent
2 N. Jackson Street
Suite 605
Montgomery, AL 36104